FILED
BILLINGS DIV.

2008 OCT 9 AM 11 02

PATRICK E. DUFFY, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Cause No. CR 05-60-BLG-JDS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| **RAYMOND SMITH,** | ) | |
| Petitioner. | ) | |

   This matter comes before the Court by virtue of Petitioner Raymond Smith's (Smith) *pro se* 28 U.S.C. § 2255 Motion requesting that the Court vacate, set aside, or correct his sentence. He asserts one ground for doing so. Specifically, he alleges ineffective assistance on the part of his trial counsel. Pursuant to the second paragraph of 28 U.S.C. § 2255, the Court must conduct a preliminary review of the motion to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. In this case, the Government responded to Smith's Petition and Smith filed a reply. The Court has reviewed the parties' briefs, and for the reasons set forth below finds that the relief

1

requested in Smith's Petition should be denied.

### I.   BACKGROUND

In May 2005, Smith was indicted under 18 U.S.C. § 924 (e) as an armed career criminal due to past convictions.  In December of 2005, Smith proceeded to a jury trial and was found guilty under 18 U.S.C. 922(g)(1). On May 24, 2006, this Court sentenced Smith to the statutory maximum sentence of 120 months custody to be followed by 3 years supervised release.  According to Smith, his trial counsel did not provide him sufficient information upon which to base his decision to plead guilty or proceed to trial.

### II.  INEFFECTIVE ASSISTANCE OF COUNSEL.

Essentially, Smith seeks relief under Section 2255 by alleging that his trial attorney neglected to answer his questions regarding a possible guilty plea[1].  Smith states that when he inquired about a possible sentence, his trial counsel informed him that he was looking at twenty five years to life.  When confronted with this information, Smith claims he had, "no other choice but to go to trial and trust that the jury would find him innocent." (See Defendant's Memorandum of Law, p. 6).  Smith acknowledges that his trial counsel sent him a letter noting that he had been offered a

---

[1] Smith also makes general allegations which suggest his trial counsel did not answer his questions, was generally unprofessional and their relationship was adversarial. (See Defendant's Affidavit, page 1).  However, Smith fails to set forth sufficient facts as to how these allegations could rise to the level of ineffective assistance or cause him prejudice.

2

plea agreement. (*See* Smith Affidavit, p. 2).

The Government counters that Smith's counsel's advice was reasonable at the outset due to Smith being designated as an Armed Career Criminal under the Armed Career Criminal Act (ACCA)(18 U.S.C. 924(e). According to the Government, had Smith been designated an armed career criminal, he would have been subject to a mandatory minimum sentence of 15 years under 18 U.S.C. § 924(e). After Smith's trial, but prior to sentencing, the Court of Appeals for the Ninth Circuit decided the case of United States v. Piccolo, 441 F3d 1084 (9th Cir. 2006) in which the Court determined that walk-away escapes are not generally violent crimes for the purpose of the advisory guidelines[2]. Consequently, the pre-sentence report did not contain the designation as an armed career criminal which left Smith with a guideline range of 140 to 175 months.

The United States Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441,

---

[2] The issue of whether a walk-away escape is a violent crime under the ACCA is the subject of a split of authority within the circuits. See United States v. Springfield, 196 F.3d 1180, 1185 (C.A.10 1999) ("walkaway" escape from prison honor camp is a violent felony under ACCA). Furthermore, the Supreme Court recently granted certiorari to consider whether a conviction for escape under a statute that encompasses walkaway escapes qualifies as a crime of violence under the ACCA. United States v. Chambers, 473 F.3d 724 (7th Cir.2007), cert. granted, No. 06-11206, 128 S.Ct. 2046 (Apr. 21, 2008).

3

1449, n. 14, 25 L.Ed.2d 763 (1970). To prevail on his claim of ineffective assistance of counsel, Smith is required to show that his attorney's representation fell below an objective standard of reasonableness and that any deficiencies in counsel's performance were prejudicial. See United States v. Thomas, 417 F.3d 1053, 1056 (9th Cir.2005) citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Smith will have received ineffective assistance if his counsel's advice concerning plea options was "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer." Turner v. Calderon, 281 F.3d 851, 880 (9th Cir.2002) quoting United States v. Day, 969 F.2d 39, 43 (3d Cir.1992).

Prior to the Piccolo decision, it was a reasonable belief that a walk-away escape could very well have been construed as a violent crime within the purview of the ACCA. The Government points out that it maintained that Smith was an armed career criminal up until the time of his sentencing. Consequently, in accordance with the reasoning set for in Strickland, this Court finds that Smith's trial counsel's advise regarding his sentencing range did not fall below an objective standard of reasonableness under the circumstances.

Nevertheless, even assuming Smith's counsel provided him with an inaccurate sentencing range, that, by itself, is generally not

4

sufficient to demonstrate deficient performance in the context of an ineffective assistance claim. See <u>United States v. Martinez</u>, 169 F.3d 1049, 1053 (7th Cir.1999) (an attorney's "mere inaccurate prediction of a sentence" does not demonstrate the deficient performance component of an ineffective-assistance claim); <u>United States v. Gordon</u>, 4 F.3d 1567, 1570 (10th Cir.1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."), cert. denied, 510 U.S. 1184, 114 S.Ct. 1236, 127 L.Ed.2d 579 (1994).

### V. CONCLUSION

For the reasons set forth above, there are no questions of fact that require resolution in an evidentiary hearing. Smith is not entitled to relief on the ground set forth in his motion and brief.

Accordingly, **IT IS HEREBY ORDERED** that Smith's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. # 53 ) is **DENIED**.

The Clerk of Court shall close the civil file in this matter.

DATED this 9th day of October, 2008.

_____
Jack D. Shanstrom
Senior United States District Judge

5